UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PHILIP L. WALKER,**

       **Plaintiff,**

v.                                                     **Case No: 6:13-cv-936-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

Plaintiff Philip L. Walker (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Social Security benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to: (1) demonstrate good cause, supported by substantial evidence, for giving little weight to the opinions of Claimant's treating physician, Dr. Chewning; and (2) articulate specific reasons, supported by substantial evidence, for finding Claimant's subjective statements not credible to the extent they conflict with the ALJ's residual functional capacity assessment (the "RFC"). Doc. No. 19 at 11-16. For the reasons set forth below, the final decision of the Commissioner is **AFFIRMED**.

**I.     BACKGROUND.**

Claimant alleges an onset of disability date as of April 17, 2009, due to neck and back pain. R. 145-46. In 2006, a magnetic resonance imaging ("MRI") of Claimant's lumbar spine revealed a herniated nucleus pulposus at L5-S1 with left-sided radiculitis. R. 414. Claimant underwent

back surgery, physical therapy, and pain management services. R. 18. Beginning in 2008, Claimant has been treated primarily by Dr. John Chewning, an osteopathic physician. R. 280-310, 359-83, 390-407. The issues in the case involve: two opinions offered by Dr. Chewning - - an April 23, 2009 written opinion (R. 359) and Dr. Chewning's March 2, 2012 deposition where he testified as to Claimant's functional limitations (R. 360-81); the Claimant's subjective statements regarding his functional limitations (R. 28-56); and the ALJ's findings related thereto (R. 18-21).

## II.     ANALYSIS.

### A. Dr. Chewning's Opinions.

Claimant argues the ALJ failed to articulate good cause, supported by substantial evidence, for giving little weight to Dr. Chewning's opinions. Doc. No. 19 at 11-14. The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability. In cases like this one, involving the ALJ's handling of a treating physician's medical opinion, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Commissioner of Social Security*, 533

Fed.Appx. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[1]  In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981) (emphasis added)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005).

On April 23, 2009, Dr. Chewning provided the following written opinion:

> [Claimant] has been a patient of mine since January 21, 2008. He is again applying for [benefits] due to failed back surgery. Patient restrictions include but not limited to: no lifting greater than 10 lbs, no repetitive bending, stretching, or lifting. No prolonged standing for more than 1/2 hour. Must be allowed to sit or lay down as needed. Patient is unable to work at this time.

R. 359. Thus, Dr. Chewning opines that Claimant's functional limitations preclude gainful activity. R. 359.

On March 2, 2012, Claimant's counsel deposed Dr. Chewning concerning his treatment of Claimant and Dr. Chewning's opinions about Claimant's functional limitations. R. 360-81. Dr. Chewning testified that he treated Claimant every other month for two years until 2010, and then again four months prior the deposition. R. 364. Dr. Chewning opined that Claimant is diagnosed with lumbago, which means chronic back pain, malaise and fatigue, joint pain, and elbow pain. R. 365-66. When asked about the objective findings that support Claimant's chronic pain, Dr. Chewning testified as follows:

> He has paraspinal fullness, which means the muscles are very tight on either side of the spine. He has an inability to stand without assistance, which for someone of his age is - - is very rare. He walks very slowly. He has a lot of tenderness on palpation of his back from shoulders all the way down to the sacral spine.

R. 366. With respect to Claimant's inability to stand without assistance, Dr. Clewing stated that he observed Claimant's wife assisting Claimant in standing in Dr. Chewning's lobby. R. 367. Dr. Chewning opined that the source of Claimant's chronic pain was "either a bulging disc or it was possibly a bone spur." R. 368. Dr. Chewning stated that he did not know what the pathology is for Claimant's malaise and fatigue. R. 368. Dr. Chewning also stated that, in addition to Claimant's chronic back pain, Claimant has elbow pain bilaterally, worse on the right, which

"makes it impossible for him to fully extend his right elbow beyond . . . 120 degrees, but he also has difficulty lifting himself up." R. 369. Dr. Chewning testified that he is unaware of the cause of Claimant's elbow pain. R. 369.

In terms of treatment, Dr. Chewning testified that Claimant "has seen pain management," undergone physical therapy, Dr. Chewning has tried lumbar injections multiple times without relief, and medications, but the treatment has been unable to control Claimant's pain. R. 369-70. Dr. Chewning opined that Claimant's impairments make "it almost impossible" for Claimant to perform work activity. R. 368. Claimant is "unable to stand for extended period, he's unable to sit for extended periods of time, he can't get up without help, and due to the pain he's - - he has a difficult time focusing on any activities or concentrating mentally for any extended period." R. 369.

Dr. Chewning also testified regarding his April 23, 2009 opinion. R. 372-75. Dr. Chewning testified that, in his opinion, Claimant's prior back surgery was unsuccessful because as long as Dr. Chewning has been treating Claimant he has been "unable to walk or move." R. 373. Dr. Chewning suspects that further surgery would not eliminate Claimant's functional limitations. R. 373. Dr. Chewning stated that he formed his opinions regarding Claimant's functional limitations based on the following:

> Some of it was extensive history, sitting with him and his wife, Marsha, and going over what he could do. Some of it was actually testing in the office. I would have the patient try to bend his knees and see how far down he could go before he had pain. I would take him to his functional limitations with standing and bending and lifting objects in the office. I would take histories from him, how much he could lift and what he was able to do and what he wasn't able to do.

R. 373-74.  Thus, Dr. Chewning stated that he formed his opinions regarding Claimant's functional limitations through extensive histories obtained from Claimant and his wife, as well as testing in Dr. Chewning's office.  R. 374.

With respect to the reasons why Claimant cannot engage in prolonged standing, Dr. Chewning testified as follows:

> Because he has pain in his lower back and as he stands it builds up around his sacrum.  If he's able to sit or move or - - or lean up against something, he can tend to alleviate it, but it's about every 10 or 15 minutes.  The longest I was able to get him standing still in one place was about 10 minutes approximately before the pain got to him.  I had him sit and stand - - not sit and stand.  I had him standing during one of our offices visits just to see how far he could go, and he wasn't able to even get through the beginning history.

R. 374.  Regarding Claimant's inability to engage in prolonged sitting, Dr. Chewning stated:

> Unfortunately he has back pain also when sitting.  And the only time he seems to be truly pain free is when he's laying down supine on his back, and even then he requires pillows to - - to lift his knees up and shift his hips around.

R. 375.  Thus, Dr. Chewning explained why, in his opinion, Claimant cannot engage in prolonged standing or sitting.  R. 374-75.   Dr. Chewning opined that, due to chronic pain, Claimant could not perform a sedentary job, which required sitting, on and off, for six hours in an eight-hour workday.  R. 375.  Dr. Chewning opined that Claimant would be required to lay down for 10 to 20 minutes every thirty minutes, and that Claimant would miss work more than 3 times per month due to his impairments.  R. 376, 379.  Dr. Chewning stated that his April 23, 2009 opinion remains an accurate reflection of Claimant's current limitations.  R. 377-78.

In the decision, the ALJ found, at step-two, that Claimant suffers from a severe impairment of "degenerative disc disease of the lumbar spine status post surgical repair."  R. 15.  The ALJ determined that Claimant retains the following RFC:

> [T]he claimant had the [RFC] to perform sedentary work . . . involving standing/walking about two hours and sitting for up to six hours in an eight-hour workday with occasional breaks; never climbing ladders, ropes, or scaffolds, but occasionally climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling. In addition, the claimant must avoid concentrated exposure to wetness and vibration. Due to chronic pain complaints, the claimant is limited to simple, routine, and repetitive task performed in a work environment free of fast paced production requirements involving only simple work related decisions and routine work place changes.

R. 17. Thus, Dr. Chewning's opinions are more restrictive than the ALJ's RFC finding. *Compare* R. 17 *with* R. 359-81. In arriving at the RFC determination, the ALJ provides a good summary of the medical record, including a June 2009 MRI and Dr. Chewning's treatment records. R. 18-20.

The ALJ states the following with respect to Dr. Chewning's opinions:

> On April 23, 2009 Dr. Chewning provided a statement indicating the claimant was limited to lifting no greater than 10 pounds; was restricted from repetitive bending, stretching, or lifting; must be allowed to sit or lie down as needed; and no prolonged standing for more than 1/2 hour. Dr. Chewning stated that the claimant was unable to work at that time. In addition, in a March 2, 2012 deposition, Dr. Chewning reported the claimant could lift 10 pounds, was unable to stand or sit for extended periods, required frequent breaks to lie down (every 30 minutes for 10-20 minutes), and could not get up without help. He estimated the claimant's symptoms would interfere with attention and concentration 75-80% of the day and he would likely be absent from work more than three days a month because of his condition or treatment.
>
> In reviewing Dr. Chewning's opinions, it is noted that many limitations reported by the doctor in his April 2009 statement are consistent with the [RFC] determination described in this decision. Specifically, the RFC limits the claimant to sedentary work requiring lifting/carrying up to 10 pounds occasionally, and postural activities are limited to only an occasional basis. While sedentary work certainly allows the opportunity to sit as noted on Dr. Chewning's opinion, treatment notes for the relevant period do not describe objective clinical signs or sufficiently abnormal imaging studies to support the need to lie down on an as needed basis. The doctor's opinion that the claimant is unable to work is an opinion reserved for the Commissioner and is not a medical opinion under the regulations. Because the opined severity of the claimant's

> severe impairment by Dr. Chewning is not fully supported by objective medical evidence and the claimant's course of treatment discussed above herein, only limited weight is accorded to Dr. Chewning's April 23, 2009 opinion, and the claimant has been limited to sedentary work with postural limitations.
>
> Regarding Dr. Chewning's deposition statement in March 2012, it is noted that this was provided following a substantial gap in the claimant's history of treatment, with only one documented visit between February 2010 and March 2012, the date of the deposition. At that single visit, on September 30, 2011, results of Dr. Chewning's physical examination of the claimant were essentially normal, with normal stability, full range of motion of all extremities, grip strength equal and strong bilaterally, normal muscle strength and tone, and normal gait and station. Dr. Chewning documented that the claimant exhibited no tenderness to palpation, no pain, and no muscle spasms. Such normal findings are not consistent with Dr. Chewning's statements of the claimant's inability to stand without assistance, and his comment that the claimant had been unable to walk or move since he had treated the claimant (2008). Further, Dr. Chewning's report of elbow pain and a limitation of upper extremity use is not consistent with the above noted examination findings or the testimony of the claimant that he had no problems using his arms or hands; and Dr. Chewning's report of the claimant's ability to sit only 10 minutes is not consistent with the claimant's report of his ability to drive for 30 minutes. Thus, Dr. Chewning's assessment of the claimant's abilities and level of functioning reported during the deposition appear to overstate the claimant's limitations.
>
> Dr. Chewning's opinion was considered in light of the regulatory factors, including supportability and consistency, and the [ALJ] finds the opinion is not supported by his own treatment records that reflect essentially normal findings, imaging studies that failed to reveal more than mild abnormalities of the lumbar spine, or the self-reported abilities of the claimant at the hearing. During the relevant period, the claimant's impairments were treated conservatively and the doctor's deposition was taken with a history of only one essentially normal examination documented in two years. For these reasons, [the ALJ] give[s] little weight to the findings and opinions expressed by Dr. Chewning in the deposition.

R. 20-21. Thus, the ALJ gives a good summary of Dr. Chewning's opinions. R. 20. With respect to Dr. Chewning's April 23, 2009 opinion, the ALJ gave it limited weight for the following reasons: (1) Dr. Chewning's treatment notes do not describe objective clinical signs nor do imaging

studies reflect the need to lie down on an as needed basis; and (2) an opinion as to whether a claimant is able to work is reserved for the Commissioner and is not part of a medical opinion. R. 21. Regarding, Dr. Chewing's opinions offered at his deposition, the ALJ gives them little weight because: (1) they are not supported by his own treatment records that reflect essentially normal findings; (2) imaging studies failed to reveal more than mild abnormalities of the lumbar spine; (3) Claimant's testimony that he can drive for thirty minutes conflicts with Dr. Chewing's opinion that Clamant cannot sit for more than 10 minutes; and (4) notes from Dr. Chewing's most recent treatment of Claimant show largely normal findings. R. 21.

In short, the ALJ's decision demonstrates good cause, supported by substantial evidence, for giving limited or little weight to both of Dr. Chewing's opinions. In the decision, the ALJ correctly notes that a 2009 MRI "showed only mild diffuse disc bulging at L3-4 and L4-5, and no protrusion or significant stenosis, as well as postoperative changes at L5-S1 consistent with scarring." R. 18 (citing R. 280-81).[2] The record contains no other diagnostic imaging studies or or other testing during the relevant period relating to Claimant's back and pain impairments. Thus, substantial evidence supports the ALJ's finding that Dr. Chewning's opinions are inconsistent with diagnostic imaging studies.

The ALJ also accurately describes Dr. Chewning's treatment records, stating:

> Physical examinations have shown no substantial abnormalities and documented clinical observations have revealed no significant functional limitations. The claimant reported waxing and waning of his pain symptoms, and/or limitations of motion in the spinal region. However, treatment records consistently note the claimant was in no acute distress, and had normal stability, normal muscle strength, and normal muscle tone, with no evidence of muscle atrophy or significant sensory or reflex deficits. The claimant's gait and station were described as normal and there is no evidence of the need for any assistive device. In September 2011, the claimant was found to

---

[2] The MRI was conducted on March 16, 2009. R. 280. In the decision, the ALJ mistakenly states that it was conducted in June of 2009. R. 18.

> have full range of motion in all four extremities, with grip strength equal and strong bilaterally, which is consistent with the claimant's testimony of no difficulty with the use of his arms or hands.
>
> Overall, during the relevant period between April 2009 through December 2010, physical examinations revealed no more than moderate objective findings, and diagnostic imaging studies failed to reveal evidence of disease significant enough to preclude all work activity.

R. 18-19 (citing R. 280-309, 390-410). While Dr. Chewing's treatment notes during the relevant period do show persistent, moderate to severe muscle spasms and pain (*see* R. 285, 287, 291, 293, 295, 297, 303-04, 306, 308), the ALJ's finding that Dr. Chewing's treatment notes are inconsistent with both of his opinions is supported by substantial evidence. *See* R. 280-309, 390-410.

In addition, the ALJ also accurately notes that Claimant testified that he has no problems with the use of his arms and hands (R. 40), and he can sit in a car while driving for thirty minutes at a time (R. 53). R. 21. Thus, substantial evidence supports the ALJ's finding that Dr. Chewning's opinion, with respect to Claimant's elbow impairments and inability to sit more than ten minutes, are inconsistent with the Claimant's own testimony. R. 21.

Based on the forgoing, the Court finds that the ALJ demonstrated good cause, supported by substantial evidence, for giving limited and/or little weight to Dr. Chewning's opinions. Accordingly, this argument is rejected.

### B. Credibility.

Claimant argues that the ALJ's credibility finding is not supported by substantial evidence because the ALJ failed to articulate explicit reasons for determining that Claimant's subjective statements are not credible to the extent they conflict with the ALJ's RFC. Doc. No. 19 at 14-16. In the Eleventh Circuit, a three-part "pain standard" applies when a claimant attempts to establish disability through subjective symptoms. Under this standard, there must be: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity

of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); 20 C.F.R. § 404.1529.[3]  Once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id*. at 1562.  The lack of a sufficiently

---

[3] Social Security Ruling 96–7p provides:

"2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." *Id*.

explicit credibility finding may give grounds for a remand if credibility is critical to the outcome of the case. *Id*.

In the decision, the ALJ provides a thorough summary of Claimant's testimony. R. 18.[4] Then, the ALJ finds:

> After careful consideration of the evidence, [the ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC].

R. 18. Thus, the ALJ determined that Claimant's subjective statements were not credible to the extent they were inconsistent with the ALJ's RFC. *See supra* p. 7 (the ALJ's RFC).

Contrary to Claimant's argument, the ALJ devotes two pages of the decision describing the ALJ's reasons for making that credibility determination. R. 18-20. In short, the ALJ states the following reasons for the ALJ's credibility determination: (1) diagnostic imaging and treatment notes do no reveal significant functional limitations (R. 18-19); (2) Claimant's course of treatment has been conservative (R. 19); (3) Claimant's gap in treatment due to insufficient resources is not fully credible (R. 19); (4) Claimant's use of medications for relief of symptoms do not reflect limitations greater than those indicated in the RFC (R. 19); and (5) records reveal that Claimant "works outside often," swims on occasion, and was able to go boating once, which is inconsistent with Claimant's allegations of very limited daily activities (R. 19-20). The ALJ provides citations to the record for each of these reasons and, the Court finds that the reason offered by the ALJ for finding Claimant's subjective statements not credible are supported substantial evidence. *See* R. 18-20.[5] Accordingly, this argument is rejected.

---

[4] Claimant raises no issue as to the accuracy of the ALJ's summary of Claimant's testimony. Doc. No. 19.
[5] Claimant testified the last time he went boating was a few months before the hearing. R. 55.

**III.    CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The Commissioner's final decision is **AFFIRMED;** and

2. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on June 27, 2014.

*[signature]*

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record

Copies by mail to:
The Honorable M. Hart
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR
Desoto Bldg, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224